UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SB1708 REALTY LLC,

                                *Plaintiff*,

        -against-

NICOLE ALLEN, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK CITY DEPARTMENT OF BUILDINGS, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY TRANSIT ADJUDICATIONS BUREAU, "JOHN DOE #1" through "JOHN DOE #10", and "ABC CORP. #1" through "ABC CORP. #10", said names being fictitious and unknown to Plaintiff intended to be possible tenants or occupants of the premises, or corporations, persons, or other entities having or claiming a lien upon the mortgaged premises,

                                *Defendants.*
------------------------------------------------------------------------X

Civil Action No.:

**VERIFIED COMPLAINT**

       Plaintiff SB1708 REALTY, LLC ("Plaintiff" or "SB1708"), by and through their attorneys, Sinayskaya Yuniver, P.C., as and for their Verified Complaint for the foreclosure of the premises and mortgage against Defendant NICOLE ALLEN ("Defendant" or "Ms. Allen"), respectfully allege on information and belief as follows:

**NATURE OF THE ACTION**

       1.     This is an action brought pursuant to New York Real Property Actions and Proceedings Law ("RPAPL"), Section 1301 *et seq.,* to foreclose on a mortgage encumbering the property commonly known as 907 Thomas Boyland Street, Brooklyn, NY 11212, known on the Kings County Tax Map as Block: 3612, Lot: 16 in the County of Kings, and State of New York (the "Subject Property"). The relevant Note and Legal Description of the Subject Property is annexed hereto as Exhibit B and the Mortgage to the Subject Property is annexed as Exhibit C.

**PARTIES**

2. Plaintiff SB1708 Realty, LLC is a limited liability company organized under the laws of the State of Florida.

3. Defendant Nicole Allen is an individual who resides within the State of New York.

4. The New York Department of Finance, New York City Department of Buildings, New York City Environmental Control Board, New York City Parking Violations Bureau, and the New York City Transit Adjudications Bureau are named as Defendants to designate all New York City agencies that may potentially have a lien upon the mortgaged premises.

5. John Doe #1 through John Doe #10 and ABC Corp. #1 through ABC Corp. #10 are fictitious and unknown to Plaintiff. They are named as Defendants to designate any and all persons or parties, if any, having or claiming an interest in or a lien upon the mortgaged premises, or may be tenants/occupants, the possible interests of which are subordinate to the interest of Plaintiff herein.

## JURISDICTION AND VENUE

6. This Action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

7. Venue is deemed proper in this District pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this District.

## FACTUAL BACKGROUND

8. This Action is brought to foreclose upon a $150,000.00, plus interests and fees aggregate mortgage made by Defendant.

9. On information and belief Ms. Allen acquired title to the Subject Premises following the death of non-party Claude Allen ("Mr. Allen"), who on or about April 8, 2016 executed a life estate deed naming Ms. Allen as the owner of the Subject Premises following the death of Mr. Allen. A true and accurate copy of the 2016 Allen Deed is attached hereto as Exhibit A.

10. Thereafter, on or about October 17, 2019, Ms. Allen entered into a promissory note wherein Ms. Allen agreed to repay a principal amount of $150,000.00 plus interest in the amount of 12% *per annum*, on a one-year term with non-party PJT Lending, Inc ("Note"). A true and accurate copy of the Note is attached hereto as Exhibit B.

11. The Note was secured by a mortgage against the Subject Premises ("Mortgage"). A true and accurate copy of the Mortgage is attached hereto as Exhibit C.

12. Under the terms of the Note and the Mortgage, Ms. Allen, as borrower was required to repay the mortgage and accrued interest in monthly installments with payments beginning on December 1, 2019 with the whole balance of the mortgage becoming due on November 1, 2020.

13. Under the terms of the Note, a 2% late payment fee was incurred for each payment that was not made within ten (10) days of its due date. Additionally, the Note provides that in the event the entire principal balance and all unpaid interest is not paid on or before November 1, 2020, the unpaid principal shall bear interest at the rate of 24% *per annum* ("Default Interest").

14. Ms. Allen failed to fulfill her obligations under the Note and Mortgage by failing to make each and every payment that was required to have been made.

15. On or about June 1, 2021, PJT Lending assigned the Mortgage to Plaintiff SB1708. A true and accurate copy of the Assignment of Mortgage is annexed hereto as Exhibit D.

16. On or about June 15, 2021, Plaintiff sent Ms. Allen a notice informing her that the Mortgage had been assigned from PJT Lending, Inc. to Plaintiff. A true and accurate of this notice is annexed hereto as Exhibit E.

17. On or about August 27, 2021, Plaintiff sent to Ms. Allen a notice pursuant to RPAPL § 1304 informing Ms. Allen that the Mortgage was in default and that that she was at risk of foreclosure. Included with the notice was a list of housing counseling agencies approved by the United States Department of Housing and Urban Development ("HUD"). A true copy of this notice as well as the list of agencies provided to Ms. Allen is annexed hereto as Exhibit F.

18. On or about August 31, 2021, Plaintiff, through their counsel and in accordance with RPAPL § 1306, filed the required Pre-Foreclosure Notices with the New York State Department of Financial Services. A true and accurate copy of the proof of filing is annexed hereto as Exhibit G.

19. Ms. Allen has failed to respond to any notices sent by Plaintiff in relation to this matter. Additionally, since the service of the notices, Ms. Allen has failed to make any payments or made any arrangements to make payments towards the outstanding mortgage.

20. Due to the above-described default, Defendant is indebted to Plaintiff pursuant to the terms of the Note and the Mortgage for:

    a. Unpaid principal, interest, late fees, and Default Interest for the period of November 1, 2020 to February 1, 2022 in the amount of $216, 532.60.

    b. Attorneys' fees, costs, and disbursements payable to Plaintiff under the terms of the Note and the Mortgage or the Note, which will accrue until the amount due and payable under the Note is paid in full; and

      c.      Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage, until such time as said Note and Mortgage are paid in full.

21.      Plaintiff requests that in the event that this action proceeds to a judgment of foreclosure and sale, the Subject Property should be sold subject to the following:

      a.      Any state of facts that an inspection of the premises would disclose.

      b.      Any state of facts that an accurate survey of the premises would show.

      c.      Covenants, restrictions, easements and public utility agreements of record, if any.

      d.      Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

      e.      Any right of tenants or person in possession of the subject premises.

      f.      Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

      g.      Prior lien(s) of record, if any.

22.      In the event that Plaintiffs possess any other liens against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiffs request that such other liens shall not be merged in Plaintiffs' cause(s) of action set forth in this Complaint, but that Plaintiffs shall be permitted to enforce said other liens and/or seek determination of priority thereof in any independent action or proceeding, including, without limitation, any surplus money proceedings.

23.      Plaintiff shall not be deemed to have waived, altered, released, or changed the election hereinbefore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

24. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the monies due secured by said Note and Mortgage or any part thereof.

**WHEREFORE,** Plaintiff demands judgment that the Defendant and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinbefore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof: so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that the Defendant, NICOLE ALLEN may be adjudged to pay the whole residue, unless discharged of this debt by the United States Bankruptcy Court or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possess any other lien(s) against said mortgage premises (the Subject Property) either by the way of judgment, junior mortgage or otherwise, Plaintiff request that such other lien(s) shall not be merged in Plaintiff' cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek

determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the plaintiff may have such other and further relief or both, in the premises, as may be just and equitable.

Dated: February 22, 2022
      Brooklyn, NY

                              Respectfully Submitted,

                              s/ Ian Piasecki
                              Ian N. Piasecki, Esq.
                              SINAYSKAYA YUNIVER, P.C.
                              710 Avenue U
                              Brooklyn, NY 11223
                              t: (718) 402-2240
                              f: (718) 305-4571
                              e: ipiasecki@sypcl.com
                              *Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK      )
                       )  ss:
COUNTY OF KINGS        )

I am the principal for the Plaintiff in the within action. I have read the foregoing Amended Verified Complaint and know the contents thereof. The contents of the Verified Complaint are true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
IGOR LIPKIN

Subscribed and sworn to before me
on 22nd day of February 2022

_____
Notary Public

JESSICA RIVERA
Notary Public, State of New York
No. 01RI6208254
Qualified in Richmond County
My Commission Expires June 29, 2025